```
__ Priority
✓ Send
__ Clsd
__ Enter
✓ JS-5/JS-6
__ JS-2/JS-3
```

FILED
CLERK, U.S DISTRICT COURT
APR 2 8 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U S. DISTRICT COURT
APR 2 9 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZY ACRES MARKET, INC., a California Corporation, IRWIN CARASSO, an individual, JAMES SEARCY, an individual, and HUGO VAN SEENUS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN HERITAGE INSURANCE COMPANY, an Arizona Corporation, and DOES 1-25, Inclusive,<br><br>Defendants. | NO. CV 04-10311 GPS (SHx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND REMANDING ACTION TO STATE COURT** |

This matter is before the Court on Plaintiffs Lazy Acre Market, Inc., Irwin Carasso, James Searcy and Hugo Van Seenus' ("Plaintiffs") Motion to Amend Complaint to Include Additional Defendants pursuant to Federal Rule of Civil Procedure 15. Defendant Western Heritage Insurance Company ("Western Heritage") opposes the proposed amendment. The Court heard argument on April 18, 2005 and took the matter under submission. For the reasons that follow, Plaintiffs' motion is **GRANTED** and this case is **REMANDED** to state court.

//

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)



## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action for breach of an insurance contract. Plaintiff Lazy Acres Market, Inc. is a California corporation that operates a supermarket in Santa Barbara, California. Compl. ¶¶ 1,13. Plaintiffs Irwin Carasso, James Searcy and Hugo Van Seenus are individuals and shareholders of Lazy Acres. Defendant Western Heritage Insurance Company is an Arizona corporation that sells commercial lines of insurance to California businesses. *Id.* at ¶ 5.

Because of losses associated with shoplifting, Lazy Acres hired Premier Protective Services to detect and apprehend shoplifters in the store. *Id.* at ¶ 14. On September 17, 2001, Lazy Acres and Premier entered into an agreement whereby Premier agreed to provide "loss prevention services." *Id.* at ¶ 15; Ex. A. In addition, Premier agreed to defend and indemnify Lazy Acres from any claims arising out of Premier's services. *Id.* at ¶ 16.

Defendant Western Heritage issued an insurance policy to Premier for general commercial liability coverage. *Id.* at ¶ 11. Plaintiffs contend that, under the policy, Defendant agreed to pay any sums that insureds–including Lazy Acres–became legally obligated to pay as damages because of "bodily injury." Plaintiffs further contend that Defendant had a duty to defend the insured against any suit seeking damages related to bodily injury. *Id.* at ¶ 12.

On March 26, 2003, a Premier employee apprehended shoplifter Scott Courts after he left the Lazy Acres store without paying for juice he consumed in the cafe. *Id.* at ¶¶ 17-18. On July 8, 2003, Courts filed a lawsuit against both Premier and Plaintiffs, seeking damages for bodily injury suffered during the course of his apprehension. (*Courts v. Lazy Acres Market*, Case No. 01129414). *Id.* at ¶¶ 19; 50. Western Heritage agreed to defend Premier and Lazy Acres, as well as their shareholders and employees, in the *Courts* action and appointed the firm Tseng & Associates to represent all defendants. *Id.* at ¶ 19.

In July 2004, Lazy Acres contacted independent counsel regarding concerns associated with its representation in the *Courts* action. Independent counsel determined that Tseng had an actual conflict of interest in her representation of both Premier and Lazy Acres. Cappello & Noel LLP became counsel of record for Lazy Acres, its employees and shareholders and moved to disqualify Tseng and her firm due to the perceived conflict. Tseng refused to recuse herself and

opposed the motion to disqualify, which was denied by the court. However, Tseng later voluntarily withdrew from representation of Premier and its employees. *Id.* at ¶¶ 32-33. Plaintiffs requested that Western Herritage pay independent counsel to represent it pursuant to both California Civil Code section 2860 and the express indemnity clause in Premier's contract with Lazy Acres. Mot to Amend 3: 1-10. Plaintiffs submitted bills for legal services and costs associated with its defense, but Defendant never responded and never paid. *Id.* at ¶¶ 34-36.

The trial in the underlying was to begin on January 20, 2005. However, prior to the jury being empaneled, Western Heritage authorized the payment of $100,000 on behalf of Premier to Scott Courts. *Id.* 3: 11-20. The Lazy Acres' defendants were all dismissed from the action with prejudice. *Id.*

Plaintiffs commenced the present suit on November 8, 2004 in Superior Court of the State of California for the County of Santa Barbara to recover legal fees and costs associated with the defense of the *Courts* action. Plaintiffs allege that: (1) Western Heritage breached the terms of its policy by failing to provide Plaintiffs with a defense and failing to pay the fees and costs incurred; and (2) Western Heritage breached the implied covenant of good faith and fair dealing. Plaintiffs seek declaratory relief as well as general, special and punitive damages. Plaintiffs further allege that Western Heritage's failure to defend Plaintiffs in the *Courts* action has resulted in damages of at least $150,000. *Id.* at ¶ 19.

On December 17, 2004, Western Heritage filed a Notice of Removal ("NOR") pursuant to 28 U.S.C. § 1446(b). The NOR states that all Plaintiffs are citizens of California. The NOR further provides that, at the time of the filing of this action, Defendant was incorporated and had its principal place of business in Arizona. NOR ¶ 5. Because all parties at the time of removal were diverse and because the amount in controversy exceeded $75,000, this Court had original jurisdiction under 28 U.S.C. § 1332(a).

Plaintiffs now seek an order granting leave to amend the complaint and add the following parties as defendants: (1) Tseng & Associates, an unknown form of business entity; (2) Jennifer Tseng, an individual residing in California; (3) Premier Protective Services; and (4) David Flannery, an individual whose residence is unknown. As noted, Jennifer Tseng is a California

resident. Thus, adding Tseng as a defendant would defeat diversity jurisdiction and destroy subject matter jurisdiction. Western Heritage opposes the present motion arguing that it improperly seeks to divest this Court of its jurisdiction.

## II.  DISCUSSION

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Where a facially bona fide claim against a non-diverse defendant is stated, amendment is sought early in the litigation and does not appear to be for a dilatory purpose, and no prejudice to the named defendant exists, the court should exercise its discretion in favor of leave to amend, and permit plaintiffs to join the non-diverse party." *Righetti v Shell Oil Company,* 711 F. Supp. 531, 535 (N.D. Cal 1989).

Western Heritage contends that the Court should deny joinder on grounds that Plaintiffs are fraudulently attempting join new defendants for the sole purpose of destroying diversity jurisdiction. Opp'n 2: 1-28. Fraudulent joinder occurs "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir., 1987) *citing* Moore's Federal Practice (1986) para. O.161[2]. "In order to prove fraudulent joinder, 'defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.'" *Magnolia of Millbrae, Inc. v. Travelers Prop. Cas.,* 1999 U.S. Dist. LEXIS 16581 (D. Cal., 1999) *quoting Good v Prudential Ins Co of America,* 5 F. Supp. 2d 804, 806-07 (N.D. Cal 1998) (citation omitted). Western Heritage, however, has failed to demonstrate that the proposed joinder of defendants is fraudulent.

In the proposed amended complaint, Plaintiffs allege that Jennifer Tseng and her law firm, Tseng and Associates, had a duty to exercise reasonable care and skill in defending the claims brought against Plaintiffs by Scott Courts. Proposed First Amended Complaint ("FAC") ¶¶ 88, 89. Plaintiffs contend that Tseng should have know that an actual conflict of interest existed because Tseng represented multiple clients having actual and potential claims of indemnity

against each other. *Id.* According to Plaintiffs, Tseng breached her duty by failing to advise Plaintiffs of this conflict and by failing to obtain written waiver from any of the clients. *Id.*

With respect to Premier Protection Services, Plaintiffs assert claims for express and implied indemnity and breach of contract arising out of Premier's alleged agreement to indemnify Lazy Acres, fund its defense and pay any obligations owed to Lazy Acres as a result of Premier's wrongdoing. Mot. 5: 1-4. David Flannery is the owner and operator of Premier Protection Services. FAC ¶ 10. Thus, Plaintiffs have satisfactorily asserted elements of professional negligence, breach of fiduciary duty, malpractice and breach of contract against the new defendants.

As noted above, in order to establish fraudulent joinder Western Heritage must demonstrate that there is no possibility Plaintiff will be able to state claims against the new defendants. *See Good,* 5 F. Supp. 2d at 806-07. Western Heritage fails to demonstrate that Plaintiffs are unable to claim against the new defendants. Opp'n 2: 1-28. Instead, Western Heritage argues that the claims asserted against the new defendants would be different from those asserted against Western Heritage. *Id.* Western Heritage concludes that there is no common question or issue of law and that the proposed joinder will only serve to complicate the case and increase the overall cost of litigation. These arguments, however, are insufficient to establish fraudulent joinder. As Plaintiffs adequately state causes of action against these defendants, the Court finds no fraudulent joinder.

Western Heritage further argues that the proposed joinder is improper because the new defendants are neither necessary nor indispensable parties under Fed. R. Civ. P. 19(a). Opp'n 8: 14-18. Western Heritage asserts that the Court must find the new defendants to be necessary parties under Rule 19 in order to permit joinder. *Id.* Western Heritage also seems to suggest that the claims against the new defendants must contain common questions or issues of law that require the application of the same evidence and legal standards as the claims against Western Heritage. Opp'n 2: 13-28. While Western Heritage cites no rule or authority for this proposition,

it would appear that it is eluding to the requirements of permissive joinder of parties under Fed. R. Civ. P. 20. The Court does not find either argument persuasive.

"[N]either the language of section 1447(e) nor its accompanying policy statements suggest that Rules 19 and 20 control the court's decision to deny joinder, or to permit joinder and remand." *Righetti*, 711 F. Supp. at 535. The *Righetti* court explained that Congress, in drafting the permissive language of section 1447(e), clearly "gave the courts broad discretion to allow joinder, even though remand may result." *Id.* "Such discretion is inconsistent with the more restrictive approach under Rule 19." *Id.* Moreover, "the legislative history of the statute states that joinder coupled with remand may be more attractive than either denial of joinder or dismissal under Federal Rule of Civil Procedure 19(b)." *Id. citing* H.R. Rep. No. 889, 100th Cong., 2d Sess. 72-73, reprinted in 1988 U.S. Code Cong. & Admin. News 6033. "The fact that Congress described section 1447(e) as an alternative to dismissal under Rule 19 indicates that Congress did not intend that joinder and remand under that statute be governed by a Rule 19 analysis." *Id.*

However, "courts considering whether to allow joinder of a non-diverse party under § 1447(e) frequently discuss the FRCP 19 standard, such courts only 'disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief.'" *Gunn v. Wild*, 2002 U.S. Dist. LEXIS 3628 (D. Cal., 2002) *quoting IBC Aviation Servs v Compania Mexicana De Aviacion*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal 2000).[1] In this case, it cannot be said that the actions of Tseng and her law firm are only tangentially related to causes of action in dispute. The original complaint contained allegations that Western Heritage hired incompetent counsel, Tseng, to represent Lazy Acres. The

---

[1] In the Ninth Circuit, district courts, in the exercise of their broad discretion, may consider any of a wide range of factors in considering whether to permit amendment to join non-diverse defendants, including whether: (1) the party to be joined is necessary for just adjudication; (2) plaintiff would be barred by a statute of limitations from bringing claims against the new defendant in state court; (3) there has been unexplained delay in seeking joinder; (4) plaintiff's purpose in seeking joinder is dilatory; (5) the claims against the new defendant appear valid; and (6) denial of joinder will prejudice plaintiff. *See, e g, IBC Aviation Servs*, 125 F. Supp. 2d at 1011.

1 allegations against Tseng and her firm directly relate to underlying action as well as Western Heritage's alleged duty to provide counsel.

In addition, the claims against Premier and Flannery arise from Premier's alleged agreement to indemnify Lazy Acres, fund its defense and pay any obligations owed to Lazy Acres as a result of Premier's wrongdoing. Therefore, the actions of these defendants also relate to the claims against Western Heritage. Moreover, it is Western Heritage's counsel that has raised this issue by indicating that one of the defenses will be the argument that the indemnity provision between Premier and Lazy Acres has not been adjudicated. Mot. 6: 3-12. Plaintiffs are entitled to structure the pleading to deal with the potential scenario suggested by counsel for Western Heritage. The proposed claims against Premier, Flannery and Tseng are directly related to Plaintiffs' representation during the underlying *Courts* action. Thus, the standard set forth in Rule 19 does not provide any basis to disallow joinder of non-diverse defendants in this matter.

Western Heritage also argues that Plaintiffs have failed to adequately explain the delay in asserting indemnity rights against Premier and naming Tseng and her firm as defendants. Opp'n 12: 5-24. This action was filed on November 8, 2004 and was removed to this Court on December 17, 2005. Discovery has not commenced nor has the scheduling conference occurred.[2] The Court further notes the underlying action, *Courts v. Lazy Acres Market*, Case No. 01129414, recently settled on January 20, 2005. The instant motion was filed less than two months after the disposition of the *Courts* action and less than three months after removal. Thus, the Court finds that Plaintiffs acted in a timely fashion and did not unreasonably delay in seeking amendment.

Western Heritage further argues that the motion should be denied because Plaintiffs' only motive for seeking joinder of additional defendants is to "destroy diversity and oust this Court of

---

[2] Remand for lack of diversity jurisdiction is particularly appropriate where, as here, no proceedings on the substance of the plaintiffs' claims have occurred in federal court. *Becraft v. Ethicon, Inc.*, 2000 U.S. Dist. LEXIS 17725 (D. Cal., 2000). In such instances, "Congress' concerns about late amendments which destroy diversity with the intent of delaying proceedings are not implicated . . ." *Id.* quoting *Righetti*, 711 F. Supp. at 534.

its jurisdiction." Opp'n 13: 6-11. However, section 1447(e) does not require an inquiry into the Plaintiffs' motive for adding non-diverse defendants. *Righetti*, 711 F. Supp. at 535. Indeed, the legislative history of the statute indicates that the express purpose of section 1447 is to broaden the options available to a district court, by "taking advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." *Id. quoting* H.R. Rep. No. 889, 100th Cong., 2d Sess. 73-74, reprinted in 1988 U.S. Code Cong. & Admin. News 6033. "Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC Aviation Servs*, 125 F. Supp. 2d at 1011.

In sum, Plaintiffs have stated facially bona fide claims against non-diverse defendants. The motion to include these defendants is brought early in litigation and does not appear to be for a dilatory purpose. Moreover, Western Heritage has failed to identify any prejudice it will suffer if amendment is granted. On the other hand, if amendment is denied, Plaintiffs would have to "choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims against" the new defendants. *IBC Aviation*, 125 F. Supp. 2d at 1013. Thus, the Court exercises its discretion under section 1447(e) and permits Plaintiffs to join the non-diverse parties. This approach is consistent the express purposes of section 1447(e), as well as the liberal policy favoring amendment under Federal Rule of Civil Procedure 15. *Righetti*, 711 F. Supp. at 535 *citing Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is **GRANTED** and the clerk is ordered to file the Proposed First Amended Complaint forthwith. The naming of California citizen Jennifer Tseng as a defendant in the amended complaint destroys diversity of citizenship. Therefore, this Court no longer has subject matter jurisdiction over this matter. 28 U.S.C. § 1447(c). Accordingly, the action is **REMANDED** to the Superior Court of the State of California for the County of Santa Barbara pursuant to 28 U.S.C. § 1447(e).

**IT IS SO ORDERED.**

Dated this 28 day of April, 2005.

*[signature]*

HON. GEORGE P. SCHIAVELLI
UNITED STATES DISTRICT JUDGE